## No. 12,401.

### THE STATE vs. JOHN G. ORIOL.

A city ordinance relating to the sale of lottery tickets, which provides that one-half of any money recovered from violators thereof shall be the property of the party who shall furnish the information on which they shall be convicted, is neither illegal nor *ultra vires.*

APPEAL from the Sixth Recorder's Court of the City of New Orleans. *Arnauld, J.*

*Samuel L. Gilmore*, City Attorney, and *C. H. Lavillebeuvre*, Assistant City Attorney, for Plaintiff, Appellee.

*Chandler C. Luzenberg* for Defendant, Appellant.

Submitted on briefs March 6, 1897.
Opinion handed down March 15, 1897.

The opinion of the court was delivered by

WATKINS, J.   The defendant being prosecuted on a charge of having violated City Ordinance No. 12,755, C. S., as amended by Ordinance No. 12,889, C. S., relative to the sale of lottery tickets, entered a demurrer thereto on the ground that the penal clause of said last named ordinance is illegal and *ultra vires;* and same having been overruled and the defendant found guilty, and sentenced to pay a fine of twenty-five dollars and suffer imprisonment for a period of ten days in the parish prison, and in default of paying the fine to suffer an additional term of imprisonment of twenty days, he prosecutes this appeal.

The part of the amended ordinance complained of as " illegal and *ultra vires* " of the City Council is the following, viz. :

" That one-half of any money thus recovered shall be the property of the party giving such information and testimony to the recorder, as will lead to the conviction of the offender," etc.

The City Attorney cites to us our decision in State vs. Voss, *infra*, p. 444, and State *ex rel.* Taquino vs. Arnauld, Recorder, *supra*, p. 104, as having disposed of the issue herein presented.

In the latter the question was of the nullity of the fine imposed, and the penalty inflicted was held to be null and void under the third section of Ordinance No. 12,755, being in excess of thirty days' imprisonment.

In the former the question was as to the legality of the second and third paragraphs of Ordinance No. 12,889, but their validity and that of the sentence imposed were affirmed.

With regard to the supposed illegality of the ordinance, in the particular paragraph cited, or that of want of power in the City Council

to pass and promulgate it, the argument of defendant's counsel is that it is *contra bonos mores*, in that it operates as an encouragement to informers and spies.

We do not view the ordinance in that light. The operations of dealers in lottery tickets are doubtless secret and crafty, and if some inducement is not offered by the city to secure their apprehension and conviction the ordinance would speedily become a dead letter for all practical purposes.

Laws of the character of the ordinance are of frequent enactment; and they seem to us quite as defensible and praiseworthy as are the proclamations of the Governor of a State offering rewards to persons who may apprehend refugees from justice, and produce the proof upon which their conviction may be secured.

Judgment affirmed.